AVERY PLANTER COMPANY v. DENNIS MURPHY AND
M. MURPHY, *Partners.*

### No. 215.

1. EVIDENCE—*question stated, and held within the issues.* Where one of the principal issues in the case is whether the plaintiff made the sale in question upon the representations of the purchaser, certified by the agent, or upon the result of a personal investigation made by the traveling agent who closed up the sale, the traveling agent, when upon the witness stand for the plaintiff, should have been allowed to answer the following question: "In making that settlement with Mr. McCarthy [the purchaser] will you please state whether or not you relied on the property statement contained in the order and sent in by the Murphys?"

2. ———— *of market value, at a time before liability could attach, incompetent and irrelevant.* Where an engine was delivered to the purchaser, July 1, 1890, and retaken by the vendor upon a chattel mortgage for a part of the purchase price, November 1, 1890, a question as to its market value on September 20, 1890, was incompetent and irrelevant and an objection thereto should have been sustained.

3. CONTRACT—*to examine records stated, and duty determined.* Where the defendants agreed to verify from the record, and guarantee to be correct, the property statement of the purchaser, and certified on the statement as follows: "We learn from personal examination of the record the statements made herein are reliable," and signed the same as agents, said agents were bound to make a personal examination of the record, and if they failed to do so, they cannot plead ignorance of what the record contains.

Error from Atchison District Court. Hon. Robert M. Eaton, Judge. Opinion filed July 16, 1897. *Reversed.*

This action was brought by the Avery Planter Company against Dennis Murphy & Son, in the District Court of Atchison County, to recover upon a written contract of agency. The Avery Planter Company was engaged in the business of manufacturing and selling farm machinery, and had appointed the Murphys its

agents. The contract of agency was in writing, and provided, among other things, that before making a sale the Murphys should require the purchaser of each threshing outfit, sold by them for the Company, to make " a truthful property statement, showing the responsibility of the purchaser, over his own signature, for the credit given, to sell no . . . engine . . . on time unless said party . . . owns from two thousand to four thousand dollars' worth of real estate and other property, above exemption and unincumbered by mortgage, judgment or debt, . . . which property statement the second party is to verify from the public records and guarantee to be correct."

The Murphys, as agents for the plaintiff in error, sold to McCarthy a threshing engine, took from him a property statement in accordance with the contract, and indorsed thereon, over their signature as agents, " We learn from personal examination of the records that the statements made herein are reliable." It turned out that McCarthy was wholly worthless, that his property statement was false, that he was unable to pay any of the notes given for the purchase of the engine, and that plaintiffs in error had to take it upon a chattel mortgage and sell it. After stating these facts, the plaintiff alleged that McCarthy was a son-in-law of one of the Murphys and a brother-in-law of the other ; that they failed and neglected to make any examination of the records as they were required by their contract to do, and as they had certified that they had done ; and that, by false and fraudulent statements and representations and in violation of their contract of agency, they had induced the plaintiff to sell the engine to McCarthy. For this the plaintiff asked damages. . .

July 16, 1897.        Opinion.   Wells, J.            E. Div.

The answer, among other things, denied that the defendants had any knowledge of the untruthfulness of McCarthy's statement, and alleged that the Company, in making the sale, did not rely upon the property statement or any of the statements of the defendants, but sent out a special agent, O'Connell, who took the matter out of the hands of the defendants, and made inquiries concerning, and was fully informed of, the financial condition of McCarthy.

Verdict and judgment were had for the defendants, from which the plaintiff prosecutes error.

*Bailey & Bailey* and *Rafter & Robinson*, for plaintiff in error.

*H. C. Solomon*, for defendants in error.

WELLS, J.   The agent O'Connell, being upon the witness stand, was asked by the plaintiff : "In making that settlement with McCarthy, will you please state whether or not you relied on the property statement contained in the order and sent in by the Murphys?" This was objected to and the objection was sustained. The question asked was clearly within the issues of the case and the objections made should not have been sustained.

The next error complained of is the overruling of the objection of the plaintiffs to certain portions of the testimony of Mooney, a witness for the defendant. These questions asked for the market value of the engine about September 20, 1890. This objection should have been sustained, as the property was bought about the first of July, and the plaintiff had nothing to do with it afterwards until about November 1, 1890. Its market value at any given time during that interval has nothing whatever to do with this

32 PLANTER Co. v. MURPHY.

N. Dept. Opinion. Wells, J. 6 Kan. App.

case. The defendant in his brief says that September 20, 1890, was about the time that the plaintiff in error took possession of this engine after having sold it to McCarthy. We do not find any evidence of the correctness of that statement; on the contrary, the defendant in his answer fixes the date at which the plaintiff took possession as on or about November, 1890; and the witness O'Connell, who took possession of it for the plaintiff, testified that it was about the last of October or the first of November when he first learned of the financial embarrassment of the purchaser. But defendants in error in their brief say: "A further fact which made this testimony competent was that the property was taken by the Avery Planter Company about the first of November, 1890, and was not sold until January 3, 1891." We fail to see what relevancy the market value of the property on September 20 had to the case.

We do not consider it necessary to examine in detail all the errors alleged, as a new trial will have to be ordered and the same errors are not likely to occur again. But we desire to say that, in our opinion the trial court erred both in giving and refusing instructions as to the duties of the defendants in error in ascertaining the truthfulness of the statement of the purchaser. In the defendants' contract of agency they agreed "to verify from the record and guarantee to be correct the property statements of the would-be purchaser." We do not think this contract is fulfilled by an inquiry of the register of deeds or some deputy of his, as stated by the instruction given by the court. Neither do we think that their obligations under such contract were complied with by remaining in ignorance and not seeking to find out the facts, as indicated in instruction number three. On the

contrary, the duty was enjoined upon them to not only make a personal examination of the record, as they expressly agreed to do, but to use all other reasonable means to find out the facts and then truthfully report them.

The judgment of the court below will be reversed, and a new trial ordered.